**WEEKS**

v.

**VARIETY NUT & DATE CO. et al.**

**No. 11762.**

United States Court of Appeals
Sixth Circuit.

Dec. 17, 1953.

Albert R. Teare, Cleveland, Ohio, Bates, Teare & McBean, Cleveland, Ohio, Barnes, Kisselle, Laughlin & Raisch, Detroit, Mich., on brief; Alfonse J. D'Amico, Detroit, Mich., of counsel, for appellants.

Daniel G. Cullen, Detroit, Mich., for appellees.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In this civil action, appellants filed a double-barreled complaint:

It was charged that the appellees were infringing Weeks' patent, No. 2,124,324, relating to a food package for nut meats and the like, one of the appellants being owner of the alleged invention and the other sole licensee thereof.

An injunction against appellees was sought to restrain them from making, using, or selling packages embodying the alleged patented invention, and from selling goods in packages so similar to those of appellants as to be likely to cause confusion to the damage of appellants in the competitive trade.

After trial, at which numerous witnesses testified and numerous exhibits were introduced, the district judge held the pertinent claims of the patent in suit to be invalid, and the charge of unfair competition to be not sustained by the evidence for the reasons stated in his opinion. In holding the typical claims of the patent in suit to be invalid, he applied conscientiously the doctrine of the Supreme Court in Great Atlantic & Pacific Tea Company v. Super Market Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, in which case

he had been the trial judge. He held that no invention inheres in the claims of the Weeks' patent.

The claims in suit define the aggregation as a package comprising a soft, limp cellophane bag, filled with nuts and sealed, and having flat ends or tails, and an outer paper wrapper or backing surrounding and protecting the cellophane bag. In the prior art, the bag described in Weeks' patent was plainly anticipated by Zwoyer No. 1,986,422. As to the wrapper, it was anticipated in the prior art by several patents, including Krohn 1,028,888, Childs 1,249,328, and Emrich 1,491,088. In the prior art, the Weeks' patent was anticipated, in respect of the protection and stiffening of wrappers for numerous articles for display, by a number of patents, among which may be listed the three Crupain patents, Nos. 1,436,238, 1,446,836, and 1,452,363; Emrich No. 1,491,088; Krohn No. 1,028,-888; and Childs No. 1,249,328.

All the patentee did was to place together segments of the prior art, which he claims to constitute invention. We are not in accord with his contention. All, at most, the patentee did was to make an advance step in combination of known elements, not rising to the dignity of invention. This case falls plainly within the ambit of the Great Atlantic & Pacific Tea Company case, supra.

In our opinion, the adjudication by the able and experienced district judge that appellants had failed to sustain by evidence the charge of unfair competition leveled against appellees was not clearly erroneous but was supported by substantial evidence.

We think the record fails to show that the device of appellants had acquired a "secondary meaning," or that appellees attempted to "palm off" their goods as those of appellants, which sustains the conclusion of the district judge that appellants failed to establish their charge of unfair competition.

Accordingly, the judgment is affirmed.